**QIU CHEN, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–5022.

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

John E. Gura, Jr., Assistant United States Attorney (for Michael J. Garcia, United States Attorney for the Southern District of New York; Sean H. Lane, of counsel), New York, NY, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Qiu Chen, through counsel, petitions for review of an order by BIA Member Edward R. Grant denying his motion to reopen and apply for adjustment of status. *In re Qiu Chen,* No. A 70–900–724 (BIA Aug. 30, 2004). We assume that the parties are familiar with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). The BIA abuses its discretion when it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Chen offers three reasons why the BIA abused its discretion: (1) because his motion introduced a new fact—namely, his pending application for adjustment of status—the BIA should not have applied against him the 90–day deadline set forth in 8 C.F.R. § 1003.2(c)(2); (2) due process required that the BIA provide Chen with a hearing on his motion; and (3) even if his motion was barred by the 90–day deadline, the BIA ought to have used its discretion to reopen his case *sua sponte.* None of these is availing.

Chen's first argument fails because the regulations do not provide an exception to

the timeliness rule in case of *any* changed circumstance, only in case of "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). Chen next argues that, under the Due Process Clause, he was entitled to a hearing on his motion. But Chen did receive a full hearing on his original application for asylum. While Chen now seeks a new avenue of relief—adjustment—he could have raised this issue, but did not, during the pendency of his case or in a timely motion to reopen. By the time the immigration judge ("IJ") decided his case, Chen already had an approved I–130 petition by his father, a lawful permanent resident, and was in line for a permanent residence visa. He could have informed the IJ of this application and sought a stay of his case or, while his appeal was pending, filed a timely motion to reopen his case.[1] *See In re Velarde–Pacheco,* 23 I. & N. Dec. 253, 256, 2002 WL 393173 (BIA 2002). Thus, it is Chen's own inaction (or that of counsel), and not any denial of process, that has placed Chen in his present, unfortunate position.

Finally, Chen argues that, even if he was time-barred from moving to reopen, the BIA should have exercised its discretion to reopen his case *sua sponte.* We lack jurisdiction to review such decisions. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

We have considered Chen's remaining arguments on this appeal and find them to be without merit. For the foregoing reasons, we DENY Chen's petition for review and motion for stay.

---

1. Chen also could have sought DHS's consent to an untimely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(iii). Chen does not indicate that he did so or explain why he did not.